UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT S. WIGGINS,                :
                                  :   Civil Action No. 10-1243 (GEB)
            Petitioner,           :
                                  :
      v.                          :   **OPINION**
                                  :
WARDEN CHARLES ELLIS,             :
                                  :
            Respondent.           :

**APPEARANCES:**

**ROBERT S. WIGGINS**, Petitioner <u>pro se</u>
#528045
Bo Robinson Education and Training Center
377 Enterprise Avenue
Trenton, New Jersey 08638

**BROWN**, Chief Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Robert S. Wiggins ("Wiggins"), on or about March 8, 2010. The named respondent is Warden Charles Ellis. Petitioner failed to pay the $5.00 filing fee, or submit a complete application to proceed <u>in forma pauperis</u>.[1]

---

[1] Wiggins submitted an affidavit of indigency with his application for <u>in forma pauperis</u> ("IFP"), but did not submit his institutional account statement and a trust account certification form signed by an authorized officer of the facility where Wiggins is confined, as required under <u>Local Civil Rule</u> 81.2(b). Consequently, the Court cannot grant the IFP application at this time, and will direct petitioner to either pay the $5.00 filing fee or submit a complete IFP application as required under <u>L.Civ.R.</u> 81.2(b).

On March 12, 2010, Wiggins filed a motion for leave to amend his § 2254 petition to proceed as a habeas petition under 28 U.S.C. § 2241(c)(3). (Docket entry no. 2). For the reasons set forth below, this Court finds that habeas relief under either § 2254 or § 2241 is unavailable, and this habeas action must be dismissed without prejudice. Further, Wiggins' motion to amend his petition should be denied as moot.

## I.  BACKGROUND

According to the allegations contained in the standard petition form, the memorandum of law, and attached habeas petition at Appendix D, Wiggins alleges that he was arrested on September 26, 2009 and charged with eleven (11) drug-related charges and two charges of resisting/obstructing arrest. (See Petition at ¶ 18, Appendix A (Police report), and Appendix D at ¶ 4). On September 28, 2009, bail was set at $50,000, no 10%, at the Trenton Municipal Court. (Petition, Appendix D at ¶ 5). On October 5, 2009, the Superior Court of New Jersey, Law Division, Mercer County denied Wiggins' request for a bail reduction. The case was sent to the Mercer County Grand Jury for indictment on November 12, 2009. (Id., Appendix D at ¶¶ 6, 7).

On December 23, 2009, Wiggins' appointed counsel filed a motion for petitioner's release on his own recognizance ("ROR"), or in the alternative, a bail reduction. Wiggins filed a similar motion, pro se, in January 2010. Wiggins' appointed counsel

2

renewed the application for ROR or a bail reduction in February 2010. Wiggins filed this habeas petition under § 2254, on or about March 8, 2010, before any decision was reached on his several motions for bail reduction. It also appears that Wiggins has not yet been convicted on the state criminal charges, and that the state criminal proceedings are still pending.

Wiggins alleges that the charges are false, that he is innocent, and that excessive force was used by the police officers during his arrest without provocation.[2] It appears from the pleadings that Wiggins is seeking his release from custody, and dismissal of the charges.

## II. ANALYSIS

A. Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the

---

[2] Wiggins alleges that he was dropping off something purchased from a store to co-defendant Jamie Livingston, when the police raided the house with machine guns. Everyone in the house was told to get face down on the floor, and they were handcuffed without any problems. Nevertheless, the police officers allegedly maced and beat Wiggins and others with a flashlight because Livingston held the door. Wiggins claims that he was only in the house for a few minutes. Twenty-five or thirty-five grams of cocaine and under 50 grams of marijuana were found on the premises. Wiggins was charged with numerous drug charges, including maintaining and operating a CDS production facility, intent to distribute, possession to use, and possession to distribute, because he was present in the house when it was raided and the drugs were found.

3

>application that the applicant or person detained is not entitled thereto.

Wiggins brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B. Jurisdictional Issue

Wiggins filed this action pursuant to 28 U.S.C. § 2254. Section 2254 pertains to postconviction petitions for relief, in that it applies to persons "in custody pursuant to a state court judgment." 28 U.S.C. § 2254(a); see also Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); Martin v. Diguglielmo, 644 F. Supp.2d 612, 621 n.2 (W.D. Pa. 2008)("Because a state pretrial detainee is not in custody pursuant to a state court judgment, he may not utilize § 2254"). Here, it is plain from the face of the petition and Wiggins' admissions in his pleadings, that he is a pretrial detainee, having not yet been convicted, and therefore, he is not in custody pursuant to a state court judgment.

Accordingly, Wiggins' application for habeas relief under § 2254 must be dismissed without prejudice.

Nevertheless, federal courts do have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding. Moore, 515 F.2d at 441-42). Addressing whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Id. at 443.

Here, Wiggins seeks to have his state court criminal charges dismissed by this federal court on claims of innocence. He also seeks his release from custody on the ground that his bail is excessive. Wiggins admits that a flat bail of $50,000.00 was imposed and that his initial application for a bail reduction was denied on October 5, 2009. He also states that his appointed trial attorneys have made several applications during his ongoing state criminal proceedings for a bail reduction or ROR, which

5

have not been decided at the time he filed this habeas petition. Thus, it appears that petitioner's claim of excessive bail has not been exhausted in his state court proceedings.

Moreover, Wiggins admits that bail was set at a flat $50,000.00 based on petitioner's prior felony convictions. Thus, Wiggins does not allege any "extraordinary circumstances" that would justify intervention by a federal court. See Moore, 515 F.2d at 445-46 (there is nothing in the nature of the speedy trial right that qualifies it as a per se "extraordinary circumstance").[3] As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial

---

[3] See, e.g., Hargis v. Cohen, 2010 WL 2015231 (D.N.J. May 18, 2010)(claim of excessive bail does not qualify as "extraordinary circumstances"); MvKenny v. Cohen, 2010 WL 1539837 (D.N.J. Apr. 15, 2010)(same); accord Martin, 644 F. Supp.2d 612 (finding that no constitutional provision lends support of a habeas action based on an excessive bail claim in the event the inmate, as petitioner here, was actually provided a bail hearing, of which the inmate had notice and was given the opportunity to respond). As discussed above, Wiggins admitted he had a bail hearing as well as a hearing for a bail reduction. He further states that the court imposed the $50,000 bail based on Wiggins' prior felony convictions. Consequently, it does not appear that any constitutional provision was denied petitioner in this case. See Nowaczyk v. New Hampshire, 882 F. Supp. 18, 21 (D.N.H.1995)("A federal court is also not empowered to 'substitute its opinion as to what an appropriate amount of bail should be.' United States ex rel. Garcia v. O'Grady, 812 F.2d 347, 355 (7th Cir. 1987). Instead, 'the only issue [a federal court may consider] ... is whether the state judge has acted arbitrarily' in setting petitioner's bail. Id."). Moreover, "[t]he mere fact that petitioner may not ... be [ ] able to pay the bail does not make it excessive." White v. Wilson, 399 F.2d 596, 598 (9th Cir.1968).

> and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir.1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). See also Younger v. Harris, 401 U.S. 37 (1971)(constitutional challenges must be raised in pending state criminal cases; a federal court generally will not intercede to consider issues that plaintiffs have an opportunity to raise before the state court).[4]

---

[4] The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before the Younger abstention may be invoked:
> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). Here, Wiggins' criminal proceedings are pending; thus, state proceedings implicating important state interests are ongoing and

Wiggins has an opportunity to litigate his innocence and false arrest claims in state court, as well as his claim that his bail is excessive. Therefore, because Wiggins has failed to exhaust these claims before the New Jersey state courts, and given the complete absence of any "exceptional circumstances" that would justify federal intervention in Wiggins' pending state proceedings, this Court finds that the petition must be dismissed without prejudice at this time.

Moreover, as to Wiggins' excessive bail claim, the Supreme Court has never squarely addressed the issue as to whether the Excessive Bail Clause of the Eighth Amendment applies to the states through the Fourteenth Amendment. See Martin, 644 F. Supp.2d at 618-19; see also Galen v. County of Los Angeles, 477 F.3d 652, 659 (9th Cir. 2007); Lazarus v. Baca, 2010 WL 1006572, at *6 (C.D. Cal. March 17, 2010). At most, the Supreme Court has stated, "[T]he Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment." Schilb v. Kuebel, 404 U.S. 357, 365 (1971); Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Galen,

---

Wiggins has the opportunity to raise his claims of innocence and excessive bail claims in his state proceedings. Accordingly, this Court is constrained by Younger to dismiss these claims without prejudice.
    Moreover, if Wiggins is eventually convicted of the alleged charges in his now-pending state criminal trials, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law. Preiser v. Rodriquez, 411 U.S. 475 (1973).

8

477 F.3d at 659. Thus, this Court finds that it is unclear whether Wiggins' excessive bail claim may serve as a basis for federal habeas relief, even under § 2241. See Martin, 644 F. Supp.2d at 618-19. Wiggins is not precluded from making renewed motions for bail reduction or ROR during his state court proceedings. He has had an opportunity to be heard on his bail reduction application, and Wiggins has not shown that the bail decision was arbitrary because it was based on his prior felony convictions.

Finally, it appears that Wiggins may be attempting to assert an excessive force claim and false arrest and imprisonment claim for damages.[5] Such claims do not warrant habeas relief, but rather should be asserted in a separate civil rights action. See Muhammad v. Close, 540 U.S. 749, 750 (2004)(federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint). To the extent that Wiggins does intend to assert such claims for damages, he must do so in a separate civil rights complaint with a complete IFP application, pursuant to 28 U.S.C. § 1915(b), which was not provided herein, should Wiggins be unable to pre-pay the $350.00 filing fee.

---

[5] To the extent that these claims are intended only as a defense to his state criminal charges, Wiggins has the opportunity to raise such claims during his state criminal proceedings.

III. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that there is no jurisdiction under § 2254 for pretrial claims, and that Wiggins has not alleged facts demonstrating "extraordinary circumstances" that would justify pretrial intervention in Wiggins' pending

state criminal matters. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, the petition for habeas relief under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241 will be dismissed without prejudice. Petitioner's motion to amend his petition to an action under 28 U.S.C. § 2241(c)(3) will be denied as moot. This Court otherwise makes no determination as to the merits of petitioner's claims. No certificate of appealability will issue. An appropriate Order follows.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court

DATED: October 1, 2010

11